JUSTICE TRIEWEILER
specially concurring.
¶89 I concur with the result of the majority Opinion. However, I do not agree with all that is stated in that Opinion.
¶90 Specifically, I disagree with that part of the majority Opinion which discusses the effect of 1997 statutory amendments on our decision in State v. Strizich (1997), 286 Mont. 1, 952 P.2d 1365.
¶91 The majority states in ¶ 48 that at the time of Strizich’s conviction, Montana’s statutes provided that preliminary breath tests were not admissible at trial. However, that is not correct. Section 61-8-409(2), MCA (1995), simply provided that:
(2) The results of a screening test may be used for determining whether probable cause exists to believe a person has violated 61-8-401, 61-8-406, or 61-8-410.
¶92 Section 61-8-409, MCA (1995), included no express prohibition against the use of PBT evidence for purposes other than establishing probable cause and § 61-8-404, MCA (1995), made no mention of PBT evidence whatsoever.
¶93 The most specific reference to the limitations on PBT evidence prior to 1997 was Rule 23.4.201(7)(b), ARM (1995), which provided, in relevant part:
Analyses from this type of device, e.g. a preliminary breath tester, are to be considered as probable cause evidence only.
¶94 Rule 23.4.201(7)(b), ARM (1995), was still in effect at the time of Weldele’s arrest and conviction. However, by then the legislature had amended § 61-8-409, MCA (1995), to delete subparagraph (2) and had amended § 61-8-404, MCA, to include PBTs (therein referred to as “preliminary alcohol screening test”) among those breath tests which *478 are now admissible. However, the statute does not specify the purpose for which the test results are admissible and the statute is not limited in its application to trials at which the substantive issue of guilt is determined. It also refers to “other proceedings.” Other proceedings include pretrial hearings to consider the suppression of evidence or to determine whether probable cause existed for an arrest. Therefore, I find nothing inconsistent with the legislative amendments made in 1997 and this Court’s prior decision in Strizich. In particular, I disagree with the majority’s statement in ¶ 52 that the 1997 amendments directly conflict with the result we reached in Strizich.
¶95 Our decision in Strizich had several underpinnings. We noted 1) that § 61-8-409(1), MCA (1995), specifically provided that a PBT is for the purpose of “estimating” alcohol concentration, 2) that § 61-8-409(2), MCA (1995), made specific reference to the purpose of a PBT being to establish probable cause, 3) that there was no specific suggestion in § 61-8-409, MCA (1995), that PBTs are admissible as substantive evidence of guilt, 4) that Rule 23.4.201(7)(b), ARM (1995), specifically limited the purpose for which PBT evidence can be offered, and 5) that the record from the District Court established as a matter of fact that the procedure is unreliable and inaccurate as a measurement of alcohol concentration. Strizich, 286 Mont. at 11-12, 952 P.2d at 1371-72.
¶96 Of all the reasons given in the Strizich Opinion for excluding the evidence, the only thing that has changed is that § 61-8-409, MCA (1997), no longer refers to the use of PBTs to establish probable cause and § 61-8-404, MCA (1997), now lists PBTs among the types of tests that can be admitted at trials or other proceedings. Therefore, I conclude there is nothing inconsistent about the 1997 legislative amendments and our decision in Strizich. While some of the language relied on for the conclusion arrived at in that case no longer exists in the Montana Code, neither is there any language added to the code which requires that preliminary breath tests be admitted at a trial as evidence of a defendant’s guilt.
¶97 I also disagree with the majority’s suggestion that this issue will be reviewed on a case-by-case basis and re-analyzed based on the quality of proof in every criminal case in which the evidence is offered. We all know that the quality of representation for criminal defendants is extremely inconsistent. The majority’s suggestion could result in preliminary breath test admissibility in one case where it is not adequately challenged on a scientific basis and exclusion in another case where, because of the superior quality of representation or the *479 fact that greater resources are available for scientific or expert opinion evidence, the inadequacies of the test are more clearly established. This type of process provides no guidance to district courts, will lead to inconsistent results, and suggests that the basis for convictions will depend simply on the quality of representation provided to criminal defendants.
¶98 I would conclude that absent some evidence that the design or construction and reliability of the instruments by which preliminary breath tests are administered has changed significantly since our decision in Strizich, that decision is binding on district courts in the future.
¶99 For these reasons, while I concur in the result arrived at by the majority, I do not agree with all that is said in the majority Opinion.